THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ROBERT HODGE, Defendant.

County Court, Kings County, May 11, 1962.

*Robert Hodge,* defendant in person. *Edward S. Silver, District Attorney (William I. Siegel* of counsel), for plaintiff.

HYMAN BARSHAY, J. This is a motion for resentence. On February 21, 1944, the defendant, on his plea of guilty to the crime of burglary in the second degree, was sentenced to a term of not less than 25 and not more than 30 years in State prison, after being adjudged a third felony offender. His moving papers attack both prior convictions on the ground that they would be misdemeanors if committed in the State of New York (*People* v. *Olah,* 300 N. Y. 96). Since receiving the answering affidavit of the District Attorney, the defendant filed a reply affidavit in which he conceded that one of the prior convictions is a felony. I will treat this as an application to be resentenced as a second felony offender.

The prior judgment of conviction occurred on August 28, 1932, in the Court of Common Pleas of Cuyahoga County, Cleve-

land, Ohio. He was convicted of an attempt to break and enter a storehouse in the nighttime with intent to commit therein the crime of larceny. He was sentenced to an indeterminate term in the Ohio State Reformatory.

The statute under which the defendant was convicted (2 Page's Ann. Ohio General Code [1926], tit I, ch. 4, § 12438), provides for punishment of not less than 1 year nor more than 15 years for anyone " whoever in the night season maliciously and forcibly breaks and enters, or attempts to break and enter an uninhabited dwelling house, or a kitchen, smokehouse, shop, office, *storehouse,* warehouse, malthouse, stillhouse, mill, pottery, factory, water craft, schoolhouse, church or meeting house, barn or stable, railroad car, car factory, station house, hall or other building, or attempts to break and enter an inhabited dwelling house with intent to steal property of any value, or with intent to commit a felony ". (Italics supplied.) It is obvious that this section is equivalent to section 404 of our Penal Law, which defines burglary in the third degree and also sections 260 and 262 of our Penal Law which defines the crime of attempt. Both the indictment under which the defendant was convicted in the State of Ohio and the statute quoted, contain crimes which, if committed in the State of New York, would be felonies and not misdemeanors.

The application is, therefore, denied without a hearing.